```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

**RESIDENTS OF GORDON PLAZA, INC.**                   **CIVIL ACTION**

**VERSUS**                                            **NO. 18-4226**

**LATOYA CANTRELL, ET AL.**                           **SECTION "B"(3)**

### ORDER AND REASONS

Plaintiff Residents of Gordon Plaza, Inc. filed the instant motion for partial summary judgment on defendants' second defense. Rec. Doc. 19. Defendants timely filed a response in opposition. Rec. Doc. 25. Plaintiff then sought, and was granted, leave to file a reply. Rec. Doc. 33. For the reasons discussed below,

**IT IS ORDERED** that plaintiff's motion for partial summary judgment is **GRANTED** and defendants' second defense is dismissed.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed a citizen enforcement suit under the Resource Conservation and Recovery Act ("RCRA"), alleging that the Mayor and City of New Orleans ("the City") have imposed inhumane and dangerous living conditions on residents of Gordon Plaza. Rec. Doc. 2 at 1. Gordon Plaza is located on the former Agriculture Street Landfill ("Landfill") site, which the City of New Orleans operated as a dump from 1909-1957 and reopened for waste from Hurricane Betsy in 1965-66. Id. at 5. Plaintiffs allege that the City disposed of hazardous and solid waste at the Agriculture

1

Street Landfill, and there are presently levels of dangerous chemicals above government standard. Id. at 6. Plaintiffs aver that the City developed the Landfill for residential use in the 1970s and 1980s and marketed homes at Gordon Plaza to African-Americans, withholding that the homes were located on top of a toxic dump. Id. The EPA listed the Landfill as a Superfund Site on the National Priorities List in 1994. Id. at 7. Plaintiff asserts that from 1994 to 2001 the EPA installed inconsistent soil cover to limit residents' exposure to landfill waste, before announcing that it would require no further remedial action at the Landfill in 2002. Id. Plaintiff states that Hurricane Katrina further devastated the Landfill in 2005, and flooding and time have since eroded the soil cover the EPA installed, causing contaminated soil to wash out from under homes and contaminate the surrounding area. Id. Plaintiff avers that its members face the risk of toxic chemical exposures, including to chemicals associated with cancer, birth defects, and genetic damage. Id. at 8-9. Therefore, plaintiff brings suit under the RCRA against defendants, who plaintiff asserts are the present and past operators of the disposal facility and have contributed to the handling and disposal of solid and hazardous waste that "may present an imminent and substantial endangerment" to health or the environment." Id. at 10-11. Defendants filed an answer denying plaintiff's claims and asserting affirmative defense. Rec. Doc. 13.

2

Plaintiff filed the instant motion for partial summary judgment on defendants' second affirmative defense of lack of subject matter jurisdiction, arguing that it has no basis in law. Rec. Doc. 19. Defendants timely filed a response in opposition, arguing that they have properly pled as a defense that plaintiff is not permitted to bring this suit under the citizen suit provisions of the RCRA because defendants ceased operation of the Landfill prior to enactment of the RCRA. Rec. Doc. 25 at 2.

## THE PARTIES' CONTENTIONS

Plaintiff argues that defendants' second defense must be dismissed because it has no basis in law. Rec. Doc. 19 at 1. Defendants' second defense asserts that this Court lacks subject matter jurisdiction because no federal question is presented under the Resource Conservation and Recovery Act ("RCRA"). Rec. Doc. 13. It states:

> This Honorable Court lacks subject matter jurisdiction because the operation of the Agriculture Street Landfill ceased prior to enactment of the Resource Conservation and Recovery Act (RCRA), 42 U.S.C. § 6901 *et seq.*, which, therefore, does not apply in the premises and, hence, no federal question is presented under the RCRA and the Complaint asserts no other basis for jurisdiction

Rec. Doc. 13 at 1. Plaintiff asserts that the plain language of the RCRA authorizes injunctive relief against defendants based on "the *past or present* handling, storage, treatment, transportation, or disposal of any solid or hazardous waste." 42 U.S.C. § 6972(a)(1)(B); Rec. Doc. 19 at 1. Furthermore, plaintiff avers

3

that binding Fifth Circuit precedent precludes the City's second defense because in *Cox v. City of Dallas,* 256 F.3d 281, 298 (5th Cir.2001) the Fifth Circuit held that the RCRA applied retroactively. Rec. Doc. 19-1 at 4. Therefore, plaintiff argues that defendants' second defense is invalid as a matter of law and should be dismissed. Id. at 7.

Defendants argue that they have properly pled their second defense that plaintiff is not permitted to bring this suit under the citizen suit provisions of the RCRA. Rec. Doc. 25. Defendants aver that the citizen suit provisions were not enacted until 1984, while the City has not operated the Landfill since 1966. Id. at 2. Defendants note that they have pled their second defense in order to preserve this issue for appeal and reconsideration by the Fifth Circuit, or in the event of consideration by the Supreme Court in the interim. Id. at 9. Regardless of whether this occurs, defendants also argue that the Fifth Circuit's decision in *Cox* is not as broad as proposed by plaintiffs and does not permit retroactive application of the RCRA in all circumstances. Id. Defendants assert that retroactive application of the RCRA is limited to past actors where endangerment currently exists, and their past action constitutes a continuing violation. Id. Defendants state that their second defense should be read together with their third and fourth defenses, which address the lack of jurisdiction of this Court. Id. at 3. Defendants' third defense

4

asserts that plaintiff lacks standing as there is no injury in fact. Id. at 2-3. In their fourth defense, defendants plead that this Court lacks subject matter jurisdiction because they have been in compliance with the Consent Decree entered by a court in 2008, in which the City undertook remediation and maintenance obligations of the Landfill in lieu of financial obligations after Hurricane Katrina. Id. at 5-6. Therefore, defendants aver that there is a genuine issue of fact as to whether defendants' past actions present an imminent and substantial endangerment to health or the environment so as to allow for retroactive application of the RCRA to defendants. Id. at 10. Defendants assert that summary judgment is not proper, and their second defense should not be dismissed.

## LAW AND ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the

absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All reasonable inferences must be drawn in favor of the nonmovant, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

A. <u>Binding Fifth Circuit precedent precludes defendants' second defense</u>

Defendants' second defense must be dismissed as a matter of law because the RCRA applies retroactively. In *Cox v. City of Dallas,* 256 F.3d 281, 298 (5th Cir.2001) the Fifth Circuit disagreed with defendant City of Dallas' argument "that because its use ended in 1972 and because the RCRA was not enacted until 1976, it cannot be held liable under §6972(a)(1)(B)." The Fifth Circuit held that "[s]ection 6972(a)(1)(B) is clear that it applies to *both* past and present acts, as the adjectives 'past and present' are specifically included." *Id.* The Fifth Circuit ultimately found

6

that the "continued presence of this municipal waste in the South Loop 12 (so long as it presents an imminent and substantial endangerment to health or the environment) is actionable under §6972(a)(1)(B)." *Id.* at 299 (internal citations omitted). Therefore, binding precedent makes clear that this Court does not, as defendants plead in their answer, "lack[] subject matter jurisdiction because the operation of the Agriculture Street Landfill [by defendants] ceased prior to enactment of the Resource Conservation and Recovery Act." Rec. Doc. 13 at 2. Rather, this Court has jurisdiction regardless of when defendants' operation of the Landfill ceased. Resolution of the jurisdictional issue presented in the instant motion is a matter of law that requires no fact-finding by the Court. Whether defendants operated the Landfill wholly in the past or they operate it presently, the RCRA applies to both their past and present conduct. Accordingly, defendants' second defense fails as a matter of law.

Defendants assert that the RCRA has limited retroactive application, and because there is a genuine issue as to whether an imminent and substantial endangerment to health or environment exists, the RCRA may not retroactively apply to them. Rec. Doc. 25. The Court disagrees with defendants' characterization of the limited nature of the RCRA's retroactivity. Section 6972(a)(1)(B) of the RCRA, under which plaintiff brings this suit, requires a plaintiff to demonstrate that the "solid or hazardous waste may

7

present an imminent and substantial endangerment to health or the environment" as an element of the claim itself. 42 U.S.C. § 6972 (a)(1)(B). The question of retroactive application of the statute is separate and distinct from the elements of the claim. The Fifth Circuit has held that the RCRA applies retroactively to wholly past conduct, but this does not relieve plaintiff of the obligation of proving every element of its claim, including providing sufficient evidence to show that the Landfill may present an imminent and substantial endangerment to health or the environment. The Court's dismissal of defendants' second defense is based only on the legal conclusion that subject-matter jurisdiction exits because the RCRA applies retroactively. At this stage, the Court is not making a determination regarding the merits of any element of plaintiff's claim. Additionally, the Court does not find it necessary to consider defendants' arguments in support of their second and third defenses as plaintiff does not seek summary judgment on either of those defenses in its motion.[1] Rec. Doc. 25 at 2-4. Therefore, defendants' second defense must be dismissed, and partial summary judgment is proper.

New Orleans, Louisiana, this 11th day of March 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Frankly, the use of pre-trial motion practice relative to subject retroactivity question expends resources best and reasonably saved for discussion and resolution at the final pre-trial conference, without need of formal motion practice.