UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RESIDENTS OF GORDON PLAZA, INC. | * | CIVIL ACTION NO. 18-4226 |
| | * | SECTION "B" (3) |
| VERSUS | | |
| | * | JUDGE IVAN L. R. LEMELLE |
| MITCH LANDRIEU, ET AL | | |
| | * | MAGISTRATE DANA M. DOUGLAS |

\* \* \* \* \* \* \*

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO DETERMINE THAT DEFENDANTS'
ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR ADMISSION ARE INSUFFICIENT AND
TO ORDER THAT AMENDED ANSWERS BE SERVED**

Defendants, the City of New Orleans and LaToya Cantrell, in her official capacity as the Mayor of the City of New Orleans (collectively, the "City"), respectfully submit this Opposition to Plaintiff's Motion to Determine that Defendant's Answers and Objections to Plaintiff's First Set of Requests for Admission are Insufficient and to Order that Amended Answers be Served. (Rec. Doc. 63). Plaintiff has attached as Exhibit "B" (Rec. Doc. 63-3) to its Motion a copy of Defendants' Objections and Responses to Plaintiff's First Request for Admissions, which Defendants will quote from herein in argument.

## I. Nature of Case and Scope of Discovery/Requests for Admissions

The scope of discovery is generally defined by Rule 26(b)(1), Federal Rules of Civil Procedure, as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

> issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Requests for Admissions under Rule 36, F.R.C.P., are, of course, limited to the scope of Rule 26(b)(1), to-wit:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

F.R.C.P., Rule 36(a). Sub-Section (5) of Rule 36 recognizes that objections to a request may be made ("The grounds for objecting to a request must be stated.")

Discussions of relevancy in connection with Defendants' argument below in support of its objections to Plaintiff's Request for Admissions require consideration of the nature of Plaintiff's claim and the scope of relief available. Plaintiff attempts to assert in its Complaint against Defendants an action solely under the citizen suit provisions of the Resource Conservation and Recovery Act ("RCRA") at 42 U.S.C. § 6972(a)(1)(B), which provide as follows:

> **(a)** **In general**
>
> Except as provided in subsection (b) or (c) of this section, any person may commence a civil action on his own behalf--
>
> **(1)…**
>
> **(B)** against any person, including the United States and any other governmental instrumentality or agency, to the extent permitted by the eleventh amendment to the Constitution, and including any past or present generator, past or present transporter, or past or present

> owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment; or
>
> . . .

The only relief which the Court is authorized to award under the citizen suit provisions of the RCRA is "to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both . . .." 42 U.S.C. § 6972(a). The Supreme Court of the United States has made clear that this provision empowers courts to restrain a responsible party from further violating the RCRA or to order a responsible party to take action in regard to cleaning up a violation, but that this provision does not allow for the award of other relief by couching such relief in terms of an equitable remedy. Specifically, in *Mehrig v. KFC Western, Inc.*, 516 U.S. 479, 484, 116 S.Ct. 1251, 134 L.Ed.2d 121 (1996), the Court stated:

> Under a plain reading of this remedial scheme [RCRA's citizen suit provisions], a private citizen suing under § 6972(a)(1)(B) could seek a mandatory injunction, i.e., one that orders a responsible party to "take action" by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, i.e., one that "restrains" a responsible party from further violating RCRA. **Neither remedy, however, is susceptible of the interpretation adopted by the Ninth Circuit [permitting restitution of past cleanup costs], as neither contemplates the award of past cleanup costs, whether these are denominated "damages" or "equitable restitution."** (Emphasis added.)

Awards of monetary damages are not authorized under the RCRA. *See, e.g., Furrer v. Brown*, 62 F.3d 1092 (8th Cir. 1995); *Walls v. Waste Resource Corp.*, 761 F.2d 311 (6th Cir.

3

1985). Additionally, Plaintiff may not seek monetary damages under the guise of relocation, that is, the costs of relocation of Plaintiff's members to comparable dwellings. Plaintiff erroneously suggests that the Court may order relocation under the RCRA by casting such relief as a mandatory injunction. See, *Mehrig v. KFC Western, Inc.*, *supra.*

With due consideration of the nature of Plaintiff's claim and the available remedy as defining matters relevant to this proceeding, Defendants will now turn to addressing their objections to Plaintiff's Request for Admissions.

## II. Objections to Request for Admissions

### A. REQUEST NO. 1

**REQUEST FOR ADMISSION NO. 1:**

Please admit that the City of New Orleans participated in the development of residential properties located on the Agriculture Street Landfill.

**RESPONSE TO REQUEST NO. 1:**

Defendants object to the form of this Request for vagueness as to the term "participated" and on the grounds that it calls for an admission of facts that are not relevant to any issue material to an action under the Resource Conservation and Recovery Act or reasonably calculated to lead to the discovery of admissible evidence to the extent that the term "participated" may include issuance of building permits or inspections of construction by the City of New Orleans and to the extent that it calls for an admission as to who participated in the development of residential properties located on the Agriculture Street Landfill. Without waiving these objections, Defendants respond, as set forth in their Opposition to Plaintiff's Motion for Partial Summary Judgment, that the residential properties on the former Agriculture Street Landfill known as Press Park and

Gordon Plaza were developed by the Housing Authority of New Orleans as sponsored by the U. S. Department of Housing and Urban Development.

**ARGUMENT:**

As more fully set forth above, the elements of this citizen suit under the RCRA are whether the City is a past operator of a storage or disposal facility, which the City has already admitted, and whether the City has contributed or is contributing to the past or present storage or disposal of any solid or hazardous waste "which may present an imminent and substantial endangerment to health or the environment," which is disputed by Defendants. The RCRA is not directed to persons who may have participated in the development of residential properties located on a former landfill and this fact is not relevant to any of the relief that is available under the RCRA. Defendants have also objected to the form of the Request for vagueness as to its use of the term "participated."  The City is required to issue building permits for all construction projects. Notwithstanding its role as a permitting agency, the City is not generally thought of as a co-developer or a "participant" in the development of construction, but it is not clear whether the Plaintiff is also asking for an admission of such totally irrelevant matters. Without waiving these proper objections to the relevance of this matter for which an admission is requested and as to the form of the Request for vagueness, Defendants have sufficiently responded that the only two residential subdivisions on the former Agriculture Street Landfill, Press Park and Gordon Plaza, were developed by the Housing Authority of New Orleans, which is a State entity separate from the City.[1]

---

[1] The Housing Authority of New Orleans is a Louisiana state agency separate and distinct from the City of New Orleans. See, e.g., *Kohler v. HANO*, 812 So.2d 851 (La. App. 4th Cir. 2002).

B.  REQUEST NO. 2

**REQUEST FOR ADMISSION NO. 2:**

Please admit that the City of New Orleans participated in the marketing of homes located on the Agriculture Street Landfill to African American residents of New Orleans.

**RESPONSE TO REQUEST NO. 2:**

Defendants object to the form of this Request for vagueness as to the term "participated" and on the grounds that it calls for an admission of facts that are not relevant to any issue material to an action under the Resource Conservation and Recovery Act or reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond, upon information and belief, that the residential properties on the former Agriculture Street Landfill were marketed and sold by the Housing Authority of New Orleans in partnership with the U. S. Department of Housing and Urban Development and/or through non-profit corporations to which the properties were conveyed for this purpose as reflected in the public conveyance records.

**ARGUMENT:**

For the same reasons set forth in Argument on the preceding Request, the RCRA is not directed to persons who may have participated in the marketing of homes located on a former landfill and this fact is not relevant to any of the relief that is available under the RCRA. Defendants have also objected to the form of the Request for vagueness as to its use of the term "participated" for the same reasons discussed above. Without waiving these proper objections to the relevance of this matter for which an admission is requested and as to the form of the Request for vagueness, Defendants have sufficiently responded that the residential properties on the former Agriculture Street Landfill were marketed and sold by the Housing Authority of New Orleans, which is a

State entity separate from the City.

## C. REQUEST NO. 3

**REQUEST FOR ADMISSION NO. 3:**

Please admit that, until at least 1993, the City of New Orleans did not inform buyers of homes located on the Agriculture Street Landfill that such homes were located on top of a former City dump.

**RESPONSE TO REQUEST NO. 3:**

Defendants object to the form of this Request on the grounds that is assumes matters of fact and law which are denied by Defendants, namely, that Defendants had any factual knowledge of or relationship with buyers of homes located on the Agriculture Street Landfill from which any occasion or duty to so inform might arise. Defendants further object to this Request on the grounds that it calls for an admission of facts that are not relevant to any issue material to an action under the Resource Conservation and Recovery Act or reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

For the same reasons set forth in Argument on Request No. 1, the RCRA is not directed to persons who did not inform buyers of homes located on a former landfill that such homes were located on top of a former landfill and this fact is not relevant to any of the relief that is available under the RCRA. Defendants have also objected to the form of this Request because it assumes a fact that has not been admitted by the City or otherwise established, namely, that the City had any factual knowledge of or relationship with buyers of homes located on the Agriculture Street Landfill from which any occasion or duty to so inform might arise. Plaintiff is not seeking the

admission of a relevant fact; Plaintiff seeks only a sound-bite out of context for public consumption and continued erroneous suggestions in its pleadings.

D.  REQUEST NO. 4

**REQUEST FOR ADMISSION NO. 4:**

Please admit that the City of New Orleans is not aware of any person having informed, until at least 1993, buyers of homes located on the Agriculture Street Landfill that such homes were located on top of a former City dump.

**RESPONSE TO REQUEST NO. 4:**

Defendants object to the form of this Request on the grounds that is assumes matters of fact which are denied by Defendants, namely, that Defendants had any factual knowledge of or relationship with buyers of homes located on the Agriculture Street Landfill and/or any individuals from whom or to whom such information may have been conveyed. Defendants further object to this Request on the grounds that it calls for an admission of facts that are not relevant to any issue material to an action under the Resource Conservation and Recovery Act or reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:**

For the same reasons set forth in Argument on Request No. 1, an element of a citizen suit under the RCRA is not whether buyers of homes located on a former landfill were informed that such homes were located on top of a former landfill or whether the City has suck knowledge and these facts are not relevant to any of the relief that is available under the RCRA. Defendants have also objected to the form of this Request because it assumes facts that have not been admitted by the City or otherwise established, namely, that Defendants had any factual knowledge of or

relationship with buyers of homes located on the Agriculture Street Landfill and/or any individuals from whom or to whom such information may have been conveyed.

## CONCLUSION

For the above and foregoing reasons, Defendants, the City of New Orleans and Latoya Cantrell, in her official capacity at Mayor of the City of New Orleans, respectfully submit that their objections to Plaintiff's First Request for Admissions have been properly interposed and should be sustained and, accordingly, pray that the Court deny Plaintiff's Motion to Determine that Defendant's Answers and Objections to Plaintiff's First Set of Requests for Admission are Insufficient and to Order that Amended Answers be Served.

Respectfully submitted,

*Michael J. Laughlin*

_____
MICHAEL J. LAUGHLIN    #01668
Assistant City Attorney
KIMLIN S. LEE #23188
Deputy City Attorney
CHURITA H. HANSELL #25694
Chief Deputy City Attorney
DONESIA D. TURNER #23338
Sr. Chief Deputy City Attorney
SUNNI J. LeBEOUF   #28633
City Attorney
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Fax: (504) 658-9868
mjlaughlin@nola.gov

*Counsel for Defendants, the City of New Orleans and LaToya Cantrell, in her Official Capacity as Mayor of the City of New Orleans*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 13th day of May, 2019, I electronically filed the above and foregoing pleading with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to counsel for all parties.

*Michael J. Laughlin*
_____
MICHAEL J. LAUGHLIN